IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 1 9 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

LINDA RAYNOR,                              )
                                          )
    Plaintiff,                        )       Civil Action No. 5:06-CV-000 55
                                          )
v.                                        )       **MEMORANDUM OPINION**
                                          )
VIRGINIA DEPT. OF                         )
SOCIAL SERVICES,                          )       By: Samuel G. Wilson
                                          )       United States District Judge
    Defendant.                        )

        Plaintiff Linda Raynor, proceeding pro se, brings this action against the Virginia

Department of Social Services (DSS), claiming, among other things, that her daughter, a minor

child in DSS care, has been "adversely affected by drugs given to her" and has been "placed in

mental institutions because of DSS drugging practices." Raynor seeks to proceed in forma

pauperis (IFP) and appears to seek the return of her daughter; however, Raynor's complaint is

ambiguous and also could be construed as an objection to DSS allegedly medicating Raynor's

daughter against her daughter's will. Having considered Raynor's complaint, the court will grant

Raynor IFP status and will file and serve the complaint.

**I.**

        Raynor claims that DSS improperly removed her daughter, a minor child, from Raynor's

custody; that her daughter has been "adversely affected" by drugs she receives from DSS; and

that no one at DSS returns her phone calls or answers her letters. Raynor also claims that she has

not received promised paperwork from her daughter's social worker and that DSS is not

providing her daughter with clothing and other essentials. Raynor has submitted a letter from her

1

Dockets.Justia.com

daughter, in which Raynor's daughter states that she wants to return home and that she is tired of taking medication. Raynor has also submitted a Petition for Foster Care Review Hearing from the Harrisonburg Juvenile and Domestic Relations Court.

## II.

Raynor appears to seek review of the Harrisonburg Juvenile and Domestic Relations Court's decision concerning the February 17, 2006, foster care review hearing; however, lower federal courts do not have jurisdiction to review the judgments of state courts. Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Instead, "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Id.; see District of Columbia Ct. App. V. Feldman, 460 U.S. 462, 482 (1983) (stating that a United States District Court "has no authority to review final judgments of a state court in judicial proceedings" and that such review may be had only in the Supreme Court). Accordingly, if Raynor's complaint seeks review of the state court's decision, it would be subject to dismissal. However, the complaint is ambiguous, and the court must construe the complaint of a pro se litigant liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that the liberal construction of pro se complaints has limits and "does not require those courts to conjure up questions never squarely presented to them"). Raynor's complaint also could be construed as an objection to DSS medicating Raynor's daughter against her daughter's will, possibly with no state court order, and if so, the court would have jurisdiction. Because Raynor's complaint could be construed as a matter over which the court would have jurisdiction, the court will grant Raynor IFP status and will file and serve her complaint.

**III.**

For the foregoing reasons, the court grants Raynor IFP status and will file and serve her complaint.

ENTER: This 19th day of June, 2006.

UNITED STATES DISTRICT COURT